(52 Misc. Rep. 655)

### JULICHER et al. v. CONNELLY.

(Supreme Court, Appellate Term. February 4, 1907.)

LANDLORD AND TENANT—LEASES—RECITALS—PARTIES—OBJECTIONS—ESTOPPEL.
A lease is not invalid, because the word "incorporated" appeared after the names of the lessors, who were partners, forming a copartnership and signing the lease as such, when it is clear that none of the parties to the lease have been misled thereby, and that the lessee is fully protected in paying rent to its landlord.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Peter Julicher and others, trading as Jay, Morris & Co., against J. H. Connelly. From a judgment for defendant, plaintiffs appeal. Reversed, and judgment directed for plaintiff.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

William Rosin, for appellants.
Hamilton R. Squier, for respondent.

PER CURIAM. The complaint alleges plaintiffs to be copartners, and brings this action for rent claimed to be due from the defendant incorporated, for the months of August and September, 1906, under a three-year lease dated November 14, 1904. Defendant admits that it entered into possession, but denies the agreement. On the trial this singular attitude was revealed by defendant's objection to the lease in evidence on the ground—that, having described themselves in the lease as a corporation, plaintiffs cannot claim to be otherwise. The trial justice in substance excluded the lease and found for the defendant.

That unusual instrument does say, "Jay, Morris & Co., Incorporated;" but it is not signed by a corporation, but by each of the part-

ners forming the copartnership of Jay, Morris & Co., and by the defendant, a corporation. It is so clear that none of the parties has been misled by the word "Incorporated" inserted after the lessors' names, it is so manifest that for about two years· this defendant has understood that it was not dealing with an incorporated landlord, and it is so well settled that the defendant has been and will continue to be absolutely protected in paying rent to its landlord, that we feel impelled to reverse the judgment, with costs to the appellant.

Judgment reversed, with costs to the appellant, and judgment absolute for the sum of $210 and costs in the court below given for the plaintiffs.